UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL YEE GONZALEZ,<br><br>          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | Civil No. 05-CV-1090-L<br>Criminal No. 03-CR-1339-L<br><br>**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

On May 20, 2005, Petitioner Rafeal Yee Gonzalez ("Petitioner") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence. Respondent filed a response and opposition, and Petitioner filed a reply. Petitioner was granted leave to supplement the record, which he did. The Court has fully reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, **DENIES** Petitioner's motion.

On May 13, 2003, Petitioner Rafeal Yee Gonzalez ("Petitioner") was charged by criminal information with one count of Possession of Marijuana with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1). A waiver of indictment was filed on that same day. On September 22, 2003, pursuant to a written plea agreement, Petitioner pled guilty to the 10 year minimum mandatory offense. Petitioner entered into the written plea agreement, where the Government

would recommend safety valve if applicable, noting that:

> If defendant truthfully discloses to the government all information and evidence the defendant has concerning the offense and relevant conduct, and if he otherwise qualifies for the "safety valve" in [the United States Sentencing Guidelines ("USSG")] § 5C1.2, the government will recommend a two-level reduction (in drug cases only) under § 2D 1.1 (b)( 6), and relief from any statutory mandatory minimum sentence pursuant to § 5C1.2. **Defendant understands that if he does not qualify for § 5C1.2, defendant may be subject to a statutory mandatory minimum sentence.**

*See* Plea Agreement ¶ X (emphasis added).

On July 26, 2004, Petitioner appeared for sentencing before the Court and denied that he participated in a narcotics transaction. *See* Sentencing Hearing Transcript dated July 26, 2004, page 8. Petitioner maintained that he "never knew" that it was a drug transaction. *Id*. Government counsel represented that she conducted three separate interviews with the Petitioner, who repeatedly recanted his post-arrest confession about being paid for his role in the narcotics activity. *Id*. at 10-13. As a result, Government counsel did not recommend safety valve. The Court agreed stating:

> The base offense level is 30. I do not believe that safety valve applies. I think the Government has given [Petitioner] ample opportunity to come clean on this. It does not make sense, based on what has been represented, that he only learned about this was a narcotics issue or transaction when he saw [the] vehicle turn around.
>
> This took extensive planning to be able to make it work. And one integral part of this was [Petitioner's] semi-tractor. And I think weighing all of the circumstances that have been presented, listening to [Petitioner] -- I know counsel has done a good job in trying to put the best light on this, but you know, you have to live with your client's statements.
>
> [Defense counsel], you did a good job in presenting it, but [Petitioner] just has not been forthcoming. And I feel, out of an abundance of evidence, that safety valve is not applicable. Therefore, I would decline on the safety valve.

*Id*. at 13-14.

Petitioner was then sentenced to the 10-year minim mandatory sentence pursuant to 21 U.S.C. § 841(a)(1). In the instant motion, Petitioner essentially contends that he is entitled to a vacation and correction of his sentence because he should have been granted a safety valve

departure.[1] However, Petitioner provides no legitimate factual or legal basis for this request. As stated above, the Government conducted three separate interviews with the Petitioner related to "safety valve." In each of the those interviews, Petitioner recanted his post-arrest confession about being paid for his role in the narcotics activity. When the Court inquired into Petitioner's involvement, Petitioner maintained that he "never knew" that it was a drug transaction. Therefore, safety valve was not appropriate.

The Court finds that Petitioner's motion lacks merit and that Petitioner failed to provide any basis to invalidate his sentence. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED.**

DATED: February 7, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

Rafeal Yee Gonzalez
87797-198 D Unit
Federal Correctional Institution
P.O. Box 3007
Terminal Island, CA 90731

United State Attorney's Office
880 Front Street, Rm 6293
San Diego, CA 92101-8893

---

[1] Petitioner also argues that he should be re-sentenced under the principles set forth in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Petitioner's reliance on these cases, however, is inapposite. Although this Court consulted the USSG, Petitioner was not sentenced to any guideline term since the statutory minimum mandatory trumped the guideline range. Therefore, Petitioner's argument lacks merit.